IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

BOBBY L. MAGWOOD,
     Plaintiff,

vs.                        Case No. 3:12cv140/RV/CJK

KENNETH S. TUCKER, et al.,
     Defendants.

_____

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, has filed an amended civil rights complaint under 42 U.S.C. § 1983. (Doc. 9). Upon review of the amended complaint, the Court concludes that all of plaintiff's claims should be dismissed for failure to state a claim upon which relief can be granted, except for plaintiff's individual capacity claims for nominal damages against defendants Schwartz and Boquist arising from their alleged retaliation against plaintiff for filing a grievance and Schwartz's alleged use of excessive force.

### BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Santa Rosa Correctional Institution. (Doc. 9, p. 2). Plaintiff's amended complaint names six defendants, all prison officials at Okaloosa Correctional Institution ("Okaloosa CI"): Captain Schwartz, Warden Douglas, Colonel Marinin, Sergeant Boquist, Sergeant Matthews and Sergeant Hatfield. (*Id.*). Plaintiff alleges that on an

unspecified date, defendant Hatfield "illegally" took plaintiff's necklace. (*Id*., p. 6(C)). On February 21, 2011, defendant Schwartz, in retaliation for plaintiff's grieving Hatfield's conduct, directed another officer (Office Coursey) to place plaintiff in confinement and write a false disciplinary report against him. (*Id*., p. 5). The next day, February 22, 2011, defendant Boquist falsely alleged that plaintiff and his cellmate were yelling and kicking on their cell door, to justify defendant Schwartz gassing them with a chemical agent. (*Id*., p. 6). Plaintiff asserts that he informed defendant Schwartz that he had asthma, a "bad lung" and high blood pressure, but Schwartz ignored plaintiff and gassed him again. (*Id*.). Plaintiff complains that he and his cellmate were then forced to sleep without mattresses and without personal hygiene items for three days, and placed on a loaf diet for seven days. (*Id*.). On February 23, 2011, plaintiff and his cellmate were both charged by Boquist with the disciplinary infraction of Inciting a Riot. Plaintiff claims the charge was "bogus" and was made to "justify and cover up the illegally planned gassings." (*Id*.). Plaintiff asserts that Warden Douglas dismissed the cellmate's DR upon receiving pressure from the cellmate's family, and that the dismissal "was an admittance that the gassing were of a malicious and sadistic nature." (*Id*., pp. 6-6(A)). Warden Douglas affirmed plaintiff's disciplinary conviction, as did the Secretary's Office. (*Id*., p. 6(A)).

Based on the foregoing allegations, plaintiff asserts an Eighth Amendment claim against defendants Schwartz, Douglas, Marinin, Boquist and Matthews arising from Schwarz's use of the chemical agent and the deprivation of plaintiff's bedding, personal hygiene items and normal meals. Plaintiff also asserts a First Amendment claim of retaliation against those five defendants . (Doc. 9, pp. 6(A)-6(C) and p. 7). Plaintiff sues Sergeant Hatfield on the grounds that "she was used to start the

violation of plaintiff's rights by taking illegally his religious necklace." (*Id*., p. 6(C)). As relief, plaintiff seeks punitive damages in the amount of $50,000 against each defendant, and any additional relief the Court deems just and equitable. (*Id*., p. 7).

## DISCUSSION

The *in forma pauperis* statute, 28 U.S.C. § 1915, requires the Court to dismiss this case (or any claims therein) if satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the Court accepts all factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the Court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Further, only well pleaded factual allegations are taken as true and only reasonable inferences are drawn in favor of the plaintiff. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir.

1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[1] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). Mere "labels and conclusions" are not accepted as true. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) (*citing Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (noting that courts "are not bound to accept as true a legal conclusion couched as a factual allegation")); *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1951, 173 L. Ed. 2d 868 (2009) (explaining that conclusory allegations are not entitled to a presumption of truth); *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1266 (11th Cir. 2009) (stating that "in testing the sufficiency of the plaintiff's allegations, we do not credit . . . conclusory allegations as true").

The complaint may be dismissed if the facts as pleaded do not state a claim to relief that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 127 S. Ct. at 1968-69 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim). The complaint is also subject to dismissal for failure to state a claim if the allegations – on their face – show that an affirmative defense bars recovery on plaintiff's claims. *Marsh v. Butler Cnty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 920-21, 166 L. Ed. 2d 798 (2007) (reiterating that principle and providing,

---

[1]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

as an example, that if a complaint's allegations show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim).

## Plaintiff's Claims Against Defendants Douglas, Marinin, Matthews and Hatfield Should be Dismissed for Failure to State a Claim

Plaintiff seeks to hold Warden Douglas liable for his subordinates' conduct on the grounds that Douglas "was legally responsible for the overall operation of Okaloosa C.I. and for the welfare of all the inmates of the prison, and held that position at all times mentioned herein." (Doc. 9, p. 6(B)). Plaintiff does not allege that Warden Douglas personally participated in the alleged use of force or retaliation. "It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); *Polk Cnty. v. Dodson*, 454 U.S. 312, 102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). "[T]he mere right to control without any control or direction having been exercised and without any failure to supervise is not enough to support § 1983 liability." *Monell v. Dep't of Soc. Servs. of N.Y.,* 436 U.S. 658, 694 n. 58, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978) (*citing Rizzo v. Goode*, 423 U.S. 362, 370-371, 96 S. Ct. 598, 56 L. Ed. 2d 561 (1976)). "Supervisory liability occurs either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." *Brown v. Crawford*, 906 F.2d 667, 671 (11th Cir. 1990) (citations omitted). The Eleventh Circuit in *Douglas v. Yates*, 535 F.3d 1316 (11th Cir. 2008) set forth the limited circumstances in which a causal connection can be

shown sufficient to render a supervisor liable on a § 1983 claim. The causal connection can be established:

> when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation and he fails to do so; when the supervisor's improper custom or policy leads to deliberate indifference to constitutional rights; or when facts support an inference that the supervisor directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so.

*Id.* at 1322 (*citing West v. Tillman*, 496 F.3d 1321, 1328-29 (11th Cir. 2007)). Plaintiff's allegations, taken as true, do not state plausible grounds to infer that Warden Douglas participated in or caused the alleged retaliation or use of force against plaintiff.

Plaintiff's attempt to hold Douglas liable on the grounds that Douglas denied plaintiff's appeal of the disciplinary conviction does not provide a plausible basis for liability. Filing a grievance with a supervisory person does not alone make the supervisor liable for the allegedly violative conduct brought to light by the grievance, even if the grievance is denied. *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) ("[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983."); *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) ("The 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983.") (*quoting Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Lomholt v. Holder*, 287 F.3d 683, 683 (8th Cir. 2002) (holding that defendants' denial of plaintiff's grievances did not state a substantive constitutional claim); *see also Rickerson v. Gills*, No. 5:11cv279/MP/GRJ, 2012 WL 1004733, at

*3 (N.D. Fla. Feb. 8, 2012) (prisoner failed to state § 1983 claim against prison official whose sole involvement was to review and deny plaintiff's administrative grievance at the DOC Secretary's level of review.), *Report and Recommendation adopted*, 2012 WL 1004724 (N.D. Fla. Mar. 22, 2012).  Plaintiff's assertion that Douglas' dismissal of the cellmate's disciplinary conviction was an admission that the use of chemical agents was unjustified, is speculative and does not provide a basis to hold Douglas liable for Schwartz's use of force.

Plaintiff's claim against Colonel Marinin is also subject to dismissal.  Colonel Marinin is mentioned nowhere in the body of plaintiff's complaint, except for plaintiff's assertion that Marinin "was legally responsible for overall security at Okaloosa C.I. and the actions of all security staff members at the prison, and held that position at all times mentioned herein." (Doc. 9, p. 6(B)).  As discussed previously, supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.  *Hartley, supra*.

Plaintiff seeks to hold defendant Matthews liable on the grounds that Matthews verbally threatened plaintiff <u>in the past</u> for filing grievances, and that Matthews was one of the officers who escorted plaintiff to defendant Schwartz's office on February 21, 2011. (Doc. 9, p. 5).  The fact that Matthews retaliated against plaintiff in the past for plaintiff's filing grievances against <u>him</u> (Matthews) does not plausibly suggest that Matthews was involved in Schwartz's retaliation for the grievance filed against Hatfield.  Further, the fact that Matthews escorted plaintiff to defendant Schwartz's office does not plausibly suggest that Matthews was involved in either Schwartz's retaliation for plaintiff's grievance against Hatfield, or Schwartz's later use of force.

Plaintiff's allegations , taken as true, do not state plausible grounds for inferring that defendant Matthews was involved in Schwartz's alleged retaliation or use of excessive force.

Plaintiff seeks to hold Sergeant Hatfield liable for the retaliation and use of excessive force on the grounds that she "start[ed] the violation of plaintiff's rights by taking illegally his religious necklace." (Doc. 9, p. 6(C)).  The Supreme Court has held that the negligent deprivation of property does not amount to a constitutional violation actionable under § 1983.  *Daniels v. Williams*, 474 U.S. 327, 330, 333, 106 S. Ct. 662, 664, 666, 88 L. Ed. 2d 662 (1986) (holding that the Due Process Clause is not implicated by a state official's negligent act causing unintended loss of or injury to life, liberty, or property).  The Supreme Court has further held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984).  The State of Florida provides plaintiff with an adequate post-deprivation remedy for the loss of his property.  Prisoners may file a tort claim action in state court in order to recover damages for property losses.  *See* Fla. Stat. § 768.28 (2011). Because plaintiff has access to an adequate post-deprivation remedy, he cannot state a plausible claim that Hatfield's "illegally" depriving him of his necklace violated the Constitution.  *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009) ("We have recognized that 'a civil cause of action for wrongful conversion of personal property' under state law is a sufficient postdeprivation remedy when it extends to unauthorized seizures of personal property by state officers.") (quoting *Lindsey v. Storey*, 936 F.2d

554, 561 (11ᵗʰ Cir. 1991); *see also Taylor v. McSwain*, 335 F. App'x 32, 34 (11th Cir. 2009) ("[A] state employee's unauthorized intentional deprivation of an inmate's property does not violate due process under the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available.") (citing *Hudson*, 468 U.S. at 533)).

Plaintiff's Individual Capacity Claims Against the Remaining Defendants (Defendants Schwartz and Boquist) for Punitive Damages are Barred by 42 U.S.C. § 1997e(e), and Plaintiff's Official Capacity Claims for Damages are Barred by the Eleventh Amendment

The only remaining claims are plaintiff's Eighth Amendment and First Amendment claims against defendants Captain Schwartz and Sergeant Boquist. Plaintiff sues the defendants in their individual and official capacities. (Doc. 9, p. 6(C)). Plaintiff seeks punitive damages and "any additional relief this Court deems just, proper and equitable." (*Id.*, p. 7).

The Prison Litigation Reform Act ("PLRA") provides, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). "[T]he phrase 'Federal civil action' means all federal claims, including constitutional claims." *Napier v. Preslicka*, 314 F.3d 528, 532 (11th Cir. 2002). This action, brought by plaintiff under 42 U.S.C. § 1983, is a "Federal civil action" under this definition. It is evident from the face of plaintiff's pleadings that plaintiff was a prisoner at the time he filed this action, and that the harm complained of occurred while plaintiff was in custody. Plaintiff's punitive damages claims are based on the mental and emotional injury plaintiff suffered as a result of Schwartz's and Boquist's alleged retaliation and use of

excessive force, and/or the fact of the alleged constitutional violations themselves (divorced from any mental or emotional injury plaintiff suffered as a result of defendants' conduct). The only alleged physical effect plaintiff describes is a bloody nose and bloody phlegm. (Doc. 9, p. 6). Plaintiff's allegations do not reasonably support an inference that plaintiff suffered more than *de minimis* physical injury. *See, e.g., Kornagay v. Burt*, No. 3:09cv281/LC/EMT, 2011 WL 839496 (N.D. Fla. Feb 08, 2011) (finding that prisoner failed to show more than a *de minimis* physical injury resulting from officer's use of chemical agent) (citing cases), *Report and Recommendation adopted*, 2011 WL 855619 (N.D. Fla. Mar. 09, 2011); *Beecher v. Jones*, No. 3:08cv416/MCR/EMT, 2010 WL 5058555, at *5-6 (N.D. Fla. Oct. 29, 2010), (finding that prisoner who alleged no physical injury arising from use of chemical agents failed to show requisite physical injury under § 1997e(e)), *Report and Recommendation adopted*, 2010 WL 5055991 (N.D. Fla. Dec. 6, 2010); *Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004) (finding that prisoner who suffered the discomfort of pepper spray had shown only *de minimis* injury, insufficient to satisfy § 1997e(e)); *Palmer v. Walker*, No. 2:09cv401, 2011 WL 836928, at *8 (M.D. Fla. Mar. 9, 2011) (finding that prisoner who suffered temporary eye irritation as the result of application of chemical agents failed to show more than a *de minimis* physical injury under § 1997e(e)). Plaintiff is prohibited under the PLRA from bringing his punitive damages claims. *Harris v. Garner*, 190 F.3d 1279, 1287-88 (11th Cir. 1999) ("*Harris I*"), *vacated in part and reinstated in part on reh'g*, 216 F.3d 970 (11th Cir. 2000) (en banc) ("*Harris II*") (affirming district court's dismissal, under 42 U.S.C. § 1997e(e), of prisoners' compensatory and punitive damages claims arising from prison officials' alleged unconstitutional conduct, where prisoners

alleged no physical injury arising from that conduct); *Al-Amin v. Smith*, 637 F.3d 1192 (11th Cir. 2011) (holding that "the overall tenor of *Harris* and its progeny, when taken together, unmistakably supports" the conclusion that § 1997e(e) applies to constitutional claims and precludes the recovery of compensatory and punitive damages in the absence of the requisite physical injury).  The only damages plaintiff will be able to recover, if successful, are nominal ones (ordinarily $1.00).

Although plaintiff may proceed with his nominal damages claims against defendants Schwartz and Boquist in their individual capacities, plaintiff's official capacity claims for damages must be dismissed as barred by the Eleventh Amendment.  A suit against a state employee in his or her official capacity is deemed to be a suit against the State for Eleventh Amendment purposes. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).  "Absent a legitimate abrogation of immunity by Congress or a waiver of immunity by the state being sued [neither or which is present here], the Eleventh Amendment is an absolute bar to suit by an individual against a state or its agencies in federal court." *Gamble v. Fla. Dep't of Health and Rehabilitative Servs.*, 779 F.2d 1509, 1511 (11th Cir. 1986); *id.* at 1512 (holding that the Eleventh Amendment "will bar damage awards against state officers sued in their official capacities in suits brought in federal court pursuant to 42 U.S.C.A. § 1983."); *Will*, 491 U.S. at 66, 109 S. Ct. 2309-10 ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  The Eleventh Amendment bars such suits unless the State has waived its immunity, or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity."

(citations omitted)).  Plaintiff's official capacity damages claims must be dismissed.

CONCLUSION

The only claims that can proceed are plaintiff's individual capacity claims for nominal damages against defendants Captain Schwartz and Sergeant Boquist for their alleged retaliation for plaintiff's grievance against Hatfield, and their alleged use of excessive force.  All other claims must be dismissed for failure to state a claim upon which relief can be granted.

Plaintiff asserts that this Court "has supplemental jurisdiction over plaintiff's state law claims under U.S.C. Section 1367" (doc. 9, p. 6(C)); however, plaintiff's amended complaint does not assert any state law claims. (*See id.*, p. 7).  Accordingly, there are no claims over which the Court may exercise supplemental jurisdiction.

Accordingly, it is respectfully RECOMMENDED:

1.  That plaintiff's individual capacity claims against defendants Warden Douglas, Colonel Marinin, Sergeant Matthews and Sergeant Hatfield be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief can be granted.

2.  That plaintiff's official capacity claims for damages be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(iii) as barred by Eleventh Amendment immunity.

3.  That plaintiff's individual capacity claims against defendants Captain Schwartz and Sergeant Boquist for punitive damages be DISMISSED WITHOUT PREJUDICE under 28 U.S.C. § 1915(e)(2)(B)(ii) for plaintiff's failure to state a claim upon which relief may be granted (plaintiff's failure to allege the requisite physical injury under 42 U.S.C. § 1997e(e)).

4. That this matter be referred to the undersigned for further proceedings on plaintiff's individual capacity claims for nominal damages against defendants Captain Schwartz and Sergeant Boquist for their alleged violation of plaintiff's First and Eighth Amendment rights on February 21-23, 2011.

At Pensacola, Florida this 14th day of November, 2012.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy hereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of any objections shall be served upon any other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).